JUSTICE NELSON
specially concurring.
¶84 The dissent asserts the majority Opinion fails to properly resolve our inconsistent lines of authority and raises a new approach to the question presented on appeal. This criticism is not well taken for five reasons.
¶85 First, Klyap did raise this approach on appeal. Klyap strongly *131 urged this Court to consider the liquidated damages clause unenforceable because it is “oppressive” and because it is “more in line with an eighteenth century indentured servitude agreement.” Unconscionability is simply the proper legal term used to characterize this argument that a contract term should be stricken by a court due to fundamental unfairness in the bargaining process. Accordingly, the Opinion carefully considers whether or not the clause is actually unconscionable.
¶86 Second, as is apparent from the lack of discussion in the Opinion, the trial court made minimal findings of fact and conclusions of law regarding the issue presented. Rather, the trial court simply made conclusory statements that the contract clause did not violate the statute. The court failed to articulate reasoning as to why it drew the conclusions of law it reached. Further, the District Court did not address the disparity in our case law. Therefore, the Opinion in no way ignores or fails to review the District Court’s conclusions of law.
¶87 Third, the dissent does not explain how the result reached is correct under the applicable Morgen line of cases. Specifically, as Klyap argues, under Weber, the clause at issue here should be stricken because it is a form contract with no evidence entered as to how the amount of 20% of salary was chosen. Yet, as the Opinion discusses at length, encouraging performance is a legitimate use of a liquidated damages clause by an employer. Accordingly, the School’s wish to encourage performance by contracting teachers is not enough reason alone to strike the clause. Rather, as the Opinion considers at length, we have to consider whether the clause encourages performance unfairly by taking advantage of a superior bargaining position.
¶88 Fourth, the dissent believes this is a new approach. I disagree. Rather, our approach is simply a way of discussing the issue of liquidated damages that reveals our reasoning to practitioners and trial courts, rather than presenting a result-oriented decision that continues the disparity in our case law.
¶89 Fifth, our resolution provides exactly the kind of clear direction that contracting parties conducting business in Montana need regarding liquidated damages clauses. Our present case law, regardless of the statute, is inconsistent and confusing at best.